**Carlos HORNSBY, Petitioner-Appellant,**

v.

**Harold G. MILLER, Warden, et al., Respondents-Appellees.**

No. 82–1549.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 1983.*

Decided Jan. 23, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Carlos Hornsby, pro se.

Frederick J. Hess, U.S. Atty. and Richard H. Lloyd, Asst. U.S. Atty., East St. Louis, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, and WOOD and COFFEY, Circuit Judges.

PER CURIAM.

Petitioner-appellant, Carlos Hornsby, a federal prisoner, was found guilty by the prison's Institution Disciplinary Committee ("IDC") of assault, refusing to obey a staff member's order and being in an unauthorized area. Following its decision, the IDC ordered Hornsby to forfeit 460 days of statutory good time.[1]

Hornsby filed an administrative appeal, claiming that the IDC took away more good time than he had earned, thus violating an administrative regulation.[2] Hornsby filed a habeas corpus action following unsuccessful efforts to resolve his claim through the administrative appeal process. In his petition, Hornsby set forth three claims: (1) the

---

**1.** 18 U.S.C. § 4161 (1976) provides that all federal prisoners are entitled to have a certain number of days per month deducted from their sentences for good behavior while in prison.

§ 4161. *Computation generally*

Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

Five days for each month, if the sentence is not less than six months and not more than one year.

Six days for each month, if the sentence is more than one year and less than three years.

Seven days for each month, if the sentence is not less than three years and less than five years.

Eight days for each month, if the sentence is not less than five years and less than ten years.

Ten days for each month, if the sentence is ten years or more.

When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

**2.** 28 C.F.R. § 541.11(d), Table 1, 1.B. (1982), provides in part:

1. *Sanctions of the Institution Discipline Committee:* (Upon finding the inmate committed the prohibited act)

. . . . .

B. *Forfeit earned statutory good time and/ or terminate or disallow extra good time.*

The statutory good time available for forfeiture is limited to an amount computed by multiplying the number of months served at the time of offense for which forfeiture action is taken, by the applicable monthly rate specified in 18 U.S.C., Section 4161 (less any previous forfeiture or withholding outstanding) . . .

*See also* 18 U.S.C. § 4165 (1976): "[i]f during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

IDC violated his due process rights by imposing a forfeiture penalty of 460 days of good time when petitioner had only 430 days available for forfeiture; (2) the respondent prison officials violated petitioner's due process rights by not adhering to their regulations regarding administrative appeals and by frustrating Hornsby's right to correct the error made by the IDC; and (3) the IDC relied upon insufficient evidence to find petitioner guilty of the acts charged. Hornsby requested the district court to expunge the IDC finding of guilty and restore the forfeited good time.

The district court held an evidentiary hearing, at which respondents admitted that the IDC erred in ordering forfeiture of more good time than Hornsby had earned.[3] Respondents agreed to amend the prison records to show a forfeiture of 436 days, the amount of good time they claimed Hornsby had earned as of the date of the IDC action. The district court found for respondents on Hornsby's other two claims.

Hornsby raises several issues on appeal. First, he argues that the correct computation of the good time he had available for forfeiture was 430 days, not 436. Second, petitioner asserts that respondents violated his procedural due process rights by violating administrative regulations, requiring review of IDC proceedings, during petitioner's appeal of the IDC action. Finally, Hornsby contends that the appropriate relief, in view of the alleged violations of his due process rights, is restoration of all of the good time ordered forfeited by the IDC.[4]

## I.

Petitioner is currently serving a ten year sentence. Pursuant to 18 U.S.C. § 4161, he earns ten days of good time for each month served in prison. When Hornsby committed the offenses of which he was found guilty by the IDC, he had served fifty-two months and eighteen days of his sentence

and had forfeited previously ninety days in good time credits. By statute and administrative regulation, the IDC was barred from ordering forfeiture of more good time than Hornsby had earned at the time of the offense.[5] The crucial question is how the eighteen days are to be counted in computing the amount of good time "earned" and therefore available for forfeiture. Petitioner asserts that good time credits accrue monthly and that good time credits for a particular month of a prisoner's sentence can be forfeited only after that month is completed. Respondents contend that prison officials may determine the amount of good time credits earned for a particular month on a pro-rata basis.

Thus, in the present case, respondents argue that Hornsby earns ten days of good time per month or one day of good time for every three days served. Therefore, in eighteen days, Hornsby earns six days of good time credit. Respondents compute petitioner's available good time by multiplying the number of months served (fifty-two) by the applicable monthly rate (ten days per month) and adding six days earned for the eighteen days served, for a total of 526. Subtracting the ninety days previously forfeited, respondents claim that Hornsby had 436 days of good time subject to forfeiture. Hornsby contends that he earned no good time for the partial month of incarceration and that respondents' calculation, consequently, is six days too high.

Our research has not disclosed any cases discussing how to compute correctly the good time available for forfeiture when a partial month is involved. The statute speaks in terms of so many days of good time "for each month" of a prisoner's sentence, depending on the length of the sentence. Similarly, the regulation is couched in terms of months, not days: "[t]he statutory good time available for forfeiture is limited to an amount computed by multiply-

---

**3.** At the time of the disciplinary hearing, the IDC apparently believed that Hornsby had 460 days of good time available for forfeiture.

**4.** Hornsby does not appeal the district court's finding that the IDC had sufficient evidence to find him guilty of the violations charged.

**5.** *See supra* note 2.

ing the number of months served at the time of the offense ... by the applicable monthly rate specified in 18 U.S.C., Section 4161 ...." 28 C.F.R. § 541.11(d), Table 1, 1.B. (1982). Neither the statute nor the regulation gives any indication whether a pro-rata computation is permitted.

## II.

■ The Attorney General is vested with broad discretion in the operation of federal prisons, see 18 U.S.C. § 4001(b) (1976),[6] as are the prison officials whom the Attorney General supervises, Hewitt v. Helms, — U.S. —, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). This discretion extends to decisions concerning forfeiture of good time [7] and restoration of forfeited good time.[8] In general, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979).

In Jackson v. Carlson, 707 F.2d 943 (7th Cir.1983), this court held that § 4161 creates a protectable liberty interest in good time credits because "[t]he statute gives the prison authorities no discretion: if the prisoner complies with the requirement of good behavior he 'shall be entitled' to time off at a stated rate." 707 F.2d at 947. However, while the statute gives prison authorities no discretion in deciding whether a prisoner who behaves is entitled to good time credits and the rate at which the prisoner earns credits, § 4161 is silent as to how prison authorities may compute when credits have been "earned."

The administration of a prison is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974). Because of the "broad administrative and discretionary authority," Hewitt v. Helms, 103 S.Ct. at 869, generally accorded prison officials in the operation and control of their institutions, we are hesitant, in the absence of a Congressional directive limiting the discretion of prison authorities in this area, to restrict prison authorities in the computation of when good time is "earned" unless there is an abuse of discretion. Rather, we are inclined to leave decisions in this area to the sound discretion of prison officials. Indeed, the statutes already grant prison authorities considerable discretion in determining when good time is earned in the sense that prison officials decide, within the strictures of constitutional requirements and subject to limited judicial review, whether a prisoner has violated institution rules and the appropriate punishment for the violation.

The legislative history casts little light on the subject. See H.R.Rep. No. 935, 86th Cong., 1st Sess. (1959), reprinted in 1959 U.S.Code Cong. & Ad.News 2518; Sen.Rep. No. 357, 86th Cong., 1st Sess. (1959); H.R. Rep. No. 304, 80th Cong., 1st Sess. (1947). We note, however, that from 1948 to 1959 the statute contained the words "to be credited as earned and computed monthly" after the phrase "commences to run" at the end of the first paragraph of § 4161. Pub.L. No. 772, 62 Stat. 853 (1948). Although there is evidence that this language was deleted in 1959 for reasons unrelated to the question we face in this case, see H.R. Rep. No. 935, supra, the phrase "computed

---

6. 18 U.S.C. § 4001(b) (1976) provides:
(b)(1) The control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws, the Classification Act, as amended and the applicable regulations.
(2) The Attorney General may establish and conduct industries, farms, and other ac-

tivities and classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation.

7. See 18 U.S.C. § 4165 (1976), supra note 2.

8. 18 U.S.C. § 4166 (1976) provides:
The Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons.

monthly" is an example of how Congress could have indicated clearly that good time credits shall be computed only after each complete month of confinement and that prison officials may not use a pro-rata computation.

■ Accordingly, we hold that prison authorities have the discretion to determine the amount of good time credit available for forfeiture on a pro-rata basis as long as the computation is consistent with the monthly rate stated in § 4161 and there is no abuse of discretion. The pro-rata computation at issue here (six days of credit for eighteen days served) is consistent with the statutory rate of ten days of credit for each month served. There is no evidence that prison officials abused their discretion in determining that petitioner had 436 days of good time available for forfeiture.

### III.

■ Petitioner also argues on appeal that respondents violated his right to procedural due process by violating regulations requiring them to consider his appeal from the IDC decision. Hornsby filed his appeal properly and made numerous requests to the appropriate administrative bodies to decide the matter, but received no response. Assuming *arguendo* that respondents failed to adhere to the regulations concerning appeals and that this failure constituted a denial of due process, we believe that petitioner has received all the relief to which he is entitled in a habeas corpus action. Hornsby has received the relief he sought in the administrative appeal process: correction of the computation of the amount of good time available for forfeiture.

■ We do not accept petitioner's argument that the appropriate relief for the alleged due process violations is expungement of the IDC's finding of guilty and restoration of all of his good time. Hornsby decided on appeal not to pursue his contention that the IDC lacked sufficient evidence to find him guilty and we will not permit him to relitigate the matter indirect-

ly; the alleged procedural due process violations that occurred during Hornsby's administrative appeal do not impugn the validity of the IDC determination that he committed the offenses of which he was found guilty. Furthermore, the granting, withholding or cancelling of good time credits for federal prisoners is a matter left to the discretion of prison authorities and will not be disturbed judicially except on a showing of abuse of discretion. *Smoake v. Willingham*, 359 F.2d 386, 388 (10th Cir. 1966).[9] There is no evidence that the IDC abused its discretion in ordering the forfeiture of all good time credits earned at the time of the offenses.

### IV.

For the foregoing reasons, the order of the district court is affirmed.

---

**9.** *See also* 18 U.S.C. § 4165 (1976), *supra* note 2, and 18 U.S.C. § 4166 (1976), *supra* note 8.