Peter PERANZO, Isadore Felix, Oscar Roman, Ferdinand Frilando, Robert Lawrence, Marcella Phipps, James Boyd, on behalf of themselves and all other persons similarly situated, Plaintiffs–Appellants.

v.

Thomas A. COUGHLIN, III, Commissioner, New York State Department of Correctional Services, and Ramon Rodriguez, Chairman of the New York State Board of Parole, Gerald M. Burke, Joseph V. Salo, William J. Barnwell, Maurice Dean, Theodore Kirkland, Manuel Perron, Irving Greenberg, Maria Buchanan, Samuel D. Sherrid, Joseph Mulholland, Barbara Treen, and J. Kevin McNiff, Commissioners of New York State Board of Parole, in their Official Capacities, Defendants–Appellees.

No. 1269, Docket 88–2030.

United States Court of Appeals, Second Circuit.

Argued June 24, 1988.

Decided June 27, 1988.

John A. Gresham, New York City (David C. Leven, Robert Selcov, William D. Gibney, Prisoners' Legal Services of N.Y., New York City, on the brief), for plaintiffs-appellants.

Maryellen Chomsky, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., New York City, on the brief), for defendants-appellees.

Before NEWMAN, KEARSE, and CARDAMONE, Circuit Judges.

PER CURIAM:

This is an appeal by New York State prisoners from a judgment of the District Court for the Southern District of New York (Leonard B. Sand, Judge) granting summary judgment in favor of New York corrections officials in the prisoners' suit challenging the reliability of urinalysis drug test results for use as evidence sufficient to warrant prison discipline. The tests are performed by State officials using the Syva Company's EMIT-st urinalysis drug detection kits. Evidence before Judge Sand established that the testing procedure—an initial test and a subsequent confirming test—has an accuracy of at least 98%. Though the risk of false positives has not been entirely eliminated, we agree with Judge Sand that use of the test results may be relied upon as sufficient evidence to warrant prison discipline under the standards of *Superintendent v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985). We also agree that the detention prior to the disciplinary hearings was administrative and conformed to the requirements of due process. *See Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Bolden v. Alston,* 810 F.2d 353 (2d Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987).

On the basis of Judge Sand's well-reasoned opinion, reported at 675 F. Supp. 102, we affirm the judgment of the District Court.