Benio KALKA, Petitioner–Appellant,

v.

Dan VASQUEZ, Respondent–Appellee.

No. 87–2405.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1989.

Decided Feb. 3, 1989.

Michael Satris, Bolinas, Cal., for petition-er-appellant.

Paul D. Gifford and George D. Prince, Dist. Attys. Gen., California Dept. of Corrections, San Francisco, Cal., for amicus.

Before FARRIS, BOOCHEVER and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

Benio Kalka, a state prisoner, appeals the district court's denial of his habeas corpus petition. He contends that the district court erred in determining that Kalka's due process and equal protection rights were not violated when the respondent denied him worktime credit under California Penal Code section 2933 from the date he was available to work until the date he finally was given work. We affirm.

California Penal Code section 2933(a) establishes a system of worktime credits "for performance in work assignments ... and education programs." Under section 2933(a) a prisoner's sentence will be reduced one day for each day of "full-time performance in a credit qualifying program." No credit is available to prisoners who refuse to accept an assignment or are ineligible to participate based on their own misconduct. *See* Cal.Penal Code §§ 2933(a), 2932 (West 1982 & Supp.1989).

Section 2933(b) states that "[w]orktime credit is a privilege, not a right. Worktime credit must be earned and may be forfeited pursuant to the provisions of Section 2932." Except for prisoners ineligible pursuant to section 2932, "every prisoner shall have a reasonable opportunity to participate in a full-time credit qualifying assignment in a manner consistent with institutional security and available resources." Cal.Penal Code § 2933(b) (West 1982 & Supp.1989). Section 2933(a) provides that prisoners who were willing to participate but were not assigned work will receive no less credit than is provided under section 2931: one day for every two served.

On November 1, 1985, Kalka was sentenced to a term of four years imprisonment. On November 6, 1985, he arrived at the Department of Corrections reception center at Vacaville. Kalka's processing was complete within five days, and he requested a work assignment. Kalka was not given a work assignment at Vacaville because he was classified minimum securi-

ty and Vacaville housed higher security inmates.

On November 22, 1985, Kalka was approved for transfer to San Quentin Ranch Unit. Due to a lack of space there, however, he was sent to CMF–South (Solano) to wait until space became available at the Ranch at San Quentin. Kalka was transferred to San Quentin on January 2, 1986, but was not placed in the Ranch until January 23 due to delays in his classification at San Quentin. He began receiving full worktime credits on February 3, 1986. By an administrative appeal, Kalka was able to receive worktime credits beginning January 14, 1986, because he was entitled to classification within 10 days of his arrival at San Quentin. For the time he served prior to January 14, 1986 he received the one-for-two credits available under sections 2933(a) and 2931 for prisoners who were willing to work but were not assigned work. He contends that the respondent's refusal to award him full worktime credits during this period denied him due process and equal protection.

## DISCUSSION

We review the district court's denial of a petition for habeas corpus *de novo*. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985).

### I. DUE PROCESS

In his reply brief, Kalka abandoned his due process argument, conceding that "petitioner's claim is grounded essentially upon denial of his right to equal protection." Even if he had not, this argument is foreclosed by *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir.1986) *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987) (Section 2933 "does not create a constitutionally protected liberty interest.").

### II. EQUAL PROTECTION

Kalka argues that the statutory scheme violates equal protection because in granting work credits there is no reason to distinguish between prisoners who, although willing to work, were denied that opportunity and those who were assigned work.

There is no basis for applying heightened scrutiny to this classification. Kalka does not allege an invidious classification. Nor is a fundamental right at stake, because section 2933 does not create a constitutionally protected liberty interest. *Toussaint*, 801 F.2d at 1095. Thus, the statute need only have a rational basis.

One of the stated purposes for enacting section 2933 was the rehabilitative benefits of actual work performance. *See People v. Valladares*, 162 Cal.App.3d 312, 321, 208 Cal.Rptr. 604, 609 (1984) (citing Stats.1982, ch. 1, § 1, p. 1). Thus, those prisoners who actually perform the work successfully are better prepared for reintegration into society. This is a sufficient reason to deny one-for-one credits to a prisoner who, although willing to work, does not work.

Kalka also argues that the state's system for placing prisoners, which results in some having the opportunity to earn work credits earlier than others, denied him equal protection. He argues that if the state must allocate places in facilities where work is available in a way that benefits some prisoners but not others, it must do so on a principled basis.

In his habeas petition Kalka did not allege that the state discriminates among similarly situated (i.e. minimum security) prisoners in an unprincipled fashion when it places them in various facilities, nor that it is irrational to keep minimum security prisoners separate from maximum security prisoners. As Kalka's petition acknowledges, he was required to wait in a facility where there was no work available because of the lack of space at the minimum security facility to which he had been assigned. This wait was rationally related to the state's legitimate interest in institutional security and use of its limited resources.

The district court did not err in determining that the respondent did not deny Kalka equal protection of the law.

AFFIRMED