967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario FLORES, a/k/a Marior Flores, Petitioner-Appellant,
v.
James ROWLAND, et al. Respondent-Appellee.
 No. 91-16636.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Flores, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. In his habeas petition, Flores challenges the loss of 90 days of worktime credits and the loss of the ability to earn worktime credits on a one credit for one day worked basis. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 On October 17, 1989, Flores was involved in a fight with another inmate. He pleaded guilty to the charge of force and violence at a prison disciplinary hearing and lost 90 days of accumulated worktime credits which he had earned toward early release. Prior to the disciplinary hearing, Flores was classified as custody level A-1/A status and earned one day worktime credit towards early release for every day spent in custody. After the disciplinary hearing, he was reclassified as A-2/B and earned one day early release credit for every two days spent in custody for the next six months.
 
 
 4
 Prison officials subsequently recredited Flores with 90 days of worktime credits as a result of good behavior. Accordingly, to the extent that Flores sought restoration of the credits in his habeas petition, the issue is moot. See Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987).
 
 
 5
 Flores also asserts that he has an entitlement under California law to a custody classification that will allow him to earn worktime credits towards early release on a one credit for one day worked basis.
 
 
 6
 The district court properly denied Flores's habeas petition as to this claim. Flores has no constitutional right to a prison job or to earn worktime credits, and California has not created any protected interest. See California Penal Code § 2933 ("[w]orktime credit is a privilege, not a right"); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir.1989) ("section 2933 does not create a constitutionally protected liberty interest"); Touissant v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986) ("[e]xamination of section 2933 leads to the conclusion that prisoners have no right to earn the one-for-one worktime credits provided by that section), cert. denied, 481 U.S. 1069 (1987); Hoptowit v. Rhay, 682 F.2d 1237, 1254-55 (9th Cir.1982). Moreover, Flores has no right to a particular custody classification. See Moody v. Daggett, 429 U.S. 78, 97 n. 9 (1976).
 
 
 7
 Flores also contends that his sentence for the disciplinary infraction--loss of 90 days of worktime credits and loss of the opportunity to earn credits on a one-for-one basis--exceeds the maximum penalty for a disciplinary infraction. In support of his argument, he cites California Penal Code section 2932(a)(3), which provides that "[n]ot more than 90 days of credit may be denied or lost for a single act of misconduct which could be prosecuted as a misdemeanor." Section 2932(a)(3), however, only limits the amount of accumulated worktime credit that may be forfeited and does not prevent prison officials from limiting the opportunity to earn worktime credits. See also California Penal Code § 2932(a)(4) (discussing how a prisoner who commits a serious disciplinary infraction loses both accrued credits and the opportunity to earn worktime credits). Moreover, as discussed above, Flores has no constitutionally protected right to earn worktime credits, see Kalka, 867 F.2d at 547, and prison officials restored the 90 days of worktime credits that Flores forfeited.
 
 
 8
 Finally, Flores argues that he should have been ineligible to earn worktime credits for only three months, rather than six months. In support of his argument, he cites California Penal Code section 2932(a)(4), which provides in part that
 
 
 9
 [a]ny person confined due to a change in custodial classification following the commission of any serious disciplinary infraction shall, in addition to any loss of time credits, be ineligible to receive ... worktime credits for a period of time not to exceed the number of days of credit which have been lost for the act of misconduct or 180 days, whichever is less.
 
 
 10
 After the disciplinary proceedings, Flores was reclassified to A-2/B status and was ineligible for one-for-one credits for six months. He continued to accrue early release credits, however, on a one-for-two basis. Thus, over the six-month period, he lost the opportunity to accrue only 90 days of credits. This accords with the requirements of California Penal Code section 2932(a)(4).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2932(a)(4) also provides that "[i]n unusual cases, an inmate may be denied the opportunity to participate in a credit qualifying assignment for up to six months beyond the period specified in this subdivision.... At the end of the six-month period and of successive six-month periods, the denial of the opportunity to participate in a credit qualifying assignment may be renewed...."