**Daniel J. WALETZKI, Petitioner–Appellant,**

v.

**P.W. KEOHANE, Warden, Respondent–Appellee.**

No. 93–1498.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 30, 1993.

Decided Jan. 6, 1994.

Daniel J. Waletzki, petitioner-appellant, pro se.

Thomas E. Kieper, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, IN, for respondent-appellee.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

POSNER, Chief Judge.

This is an appeal from the denial of habeas corpus to a federal prisoner, Daniel Waletzki. 28 U.S.C. § 2241. A federal statute (since repealed, but applicable to the considerable number of prisoners who committed their offenses before November 1, 1987) allows a prison to award good-time credits, which reduce a prisoner's sentence, for meritorious performance of the job to which the prisoner is assigned. 18 U.S.C. § 4162. Waletzki claims that he should have received such credits for his work in the food service department of his prison; he argues that the refusal to award them was arbitrary.

We must consider first whether habeas corpus is ever a proper remedy in such a case. At first glance it seems odd that a dispute over a claim for a form of compensation for prison labor should be the basis for seeking habeas corpus. But good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 500, 93 S.Ct. 1827, 1836, 1841, 36 L.Ed.2d 439 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir.1986) (per curiam). It is true that prisoners usually base such challenges on some defect in the conviction or sentence, not here alleged. But not always—in fact a prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. But when he is attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy. 2 James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 36.2, p. 549 n. 7 (1988).

So habeas corpus is, or at least could be, a proper remedy for a denial of

good-time credits. This would be clear beyond the possibility of doubt if 18 U.S.C. § 4162 created an *entitlement* to good-time credits, for their denial would then be a deprivation of liberty within the meaning of the Fifth Amendment's due process clause and Waletzki would have a constitutional claim on which to base his application for habeas corpus. *Superintendent v. Hill,* 472 U.S. 445, 453–54, 105 S.Ct. 2768, 2772–73, 86 L.Ed.2d 356 (1985); *Jackson v. Carlson,* 707 F.2d 943, 947 (7th Cir.1983). But section 4162 (unlike section 4161, which awards good-time credits for good behavior, *Jackson v. Carlson, supra*) creates no entitlement. It places the decision whether to award good-time credits for job performance "in the discretion of the Attorney General," and it provides no criteria for the exercise of that discretion. The implementing regulation requires a staff recommendation as a precondition to such an award, and establishes no criteria for such a recommendation, either. 28 C.F.R. § 523.11. The requirements for showing a deprivation of liberty thus are not met. *Hornsby v. Miller,* 725 F.2d 1132, 1135 (7th Cir.1984) (per curiam); *Moss v. Clark,* 886 F.2d 686, 692 (4th Cir.1989); *Kalka v. Vasquez,* 867 F.2d 546 (9th Cir.1989).

The possibility remains that the prison behaved arbitrarily in denying Waletzki good-time credits. He claims that identically situated prisoners have been awarded such credits, and at this stage in the proceeding there is no evidence to the contrary. It does not follow that he can obtain relief in a habeas corpus proceeding. Habeas corpus is an extraordinary remedy, and many decisions say that it is available only to correct errors of a fundamental character—jurisdictional or constitutional, or, where statutory, similar to constitutional defects or otherwise exceptional. *Reed v. Clark,* 984 F.2d 209 (7th Cir. 1993), cert. granted, and cases cited there; Note, "Federal Habeas Corpus Review of Nonconstitutional Errors: The Cognizability of Violations of the Interstate Agreement on Detainers," 83 *Colum.L.Rev.* 975, 983–1004 (1983). This is a vague standard, *id.* at 989–1019, and as explained both in *Reed* and in the *Columbia Law Review* Note is motivated in large part by hostility to allowing collateral attacks on criminal judgments, a concern absent here because Waletzki is not mounting a collateral attack on his conviction or sentence. In a case such as this, as in many immigration and parole cases, habeas corpus is simply the vehicle—and the only vehicle—for obtaining judicial review of administrative action; why in such uses it should be confined to "fundamental" defects eludes us and seems inconsistent with the normal presumption that final administrative action is judicially reviewable. The presumption is not easy to rebut in a case in which a person's liberty is at stake. The cases that announce the "fundamental defects" standard involve collateral attacks on criminal judgments, and there is no indication in the opinions that the same standard is applicable to cases in which habeas corpus is not being used to mount a collateral attack on a judgment.

■ Of course remedies ought not to be disproportionate to the wrongs they aim to rectify. As a remedy, habeas corpus lacks the flexibility of money damages, as it involves releasing, whether at present or in the future, from custody a person who may be dangerous to the community. So even though habeas corpus is not confined to "fundamental" defects when it is not being used to challenge a judgment collaterally, it is not to be used as a remedy for harmless, technical violations—the sort of thing that in a system of money damages might get the plaintiff a few dollars, or even just a few cents. *White v. Henman,* 977 F.2d 292, 295 (7th Cir.1992); *Kramer v. Jenkins,* 806 F.2d 140, 142 (7th Cir.1986) (per curiam). For the lesser violations the prisoner may have a remedy under the Administrative Procedure Act, as these decisions point out, but he is not entitled to be released. But we do not think an arbitrary denial of good-time credits, resulting in an arbitrary lengthening of a person's period of imprisonment, can be considered a harmless or merely technical violation.

■ We conclude that Waletzki's claim is within the habeas corpus jurisdiction of the district court, but we do not think it can succeed on the merits. The statute in question makes the award of good-time credits for prison job performance avowedly discre-

tionary, and, for fairly obvious reasons given the nature of the evaluation to be made, sets forth no guidelines to channel that discretion. It would not be feasible in these circumstances for a court to police the exercise of the prison officials' discretion. Of course if the decision to deny Waletzki good-time credits had been based on his religion or race, or on some other constitutionally forbidden criterion, we would intervene. Nothing of that sort is alleged. The only claim is that discretion has been exercised capriciously—less deserving performers than Waletzki have received credits denied him, or in other words his work was better than that of other prisoners who received good-time credits. Such a claim resembles a charge of selective law enforcement. It is no more feasible for the courts to monitor prison officials' evaluations of the work performed by prisoners than it is to monitor the enforcement decisions of law enforcement authorities, which courts refuse to do. *Wayte v. United States,* 470 U.S. 598, 608–09, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985); *United States v. Giannattasio,* 979 F.2d 98, 100 (7th Cir.1992). This is a case in which in the words of the Administrative Procedure Act there is "no law to apply," 5 U.S.C. § 701(a)(2); *Webster v. Doe,* 486 U.S. 592, 599–600, 108 S.Ct. 2047, 2051–52, 100 L.Ed.2d 632 (1988); *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985), and therefore no basis for judicial invalidation of administrative action. A helpful analogy is to employment discrimination. Courts decide whether an employee was fired for a forbidden reason—not whether he shouldn't have been fired because he was doing a good job. *Gustovich v. AT & T Communications, Inc.,* 972 F.2d 845, 848 (7th Cir.1992); *Pollard v. Rea Magnet Wire Co.,* 824 F.2d 557, 559–61 (7th Cir.1987). Evaluation of job performance is not a task that federal courts are well equipped to perform—especially when the job in question is in a prison. We conclude that there was no violation of an enforceable right.

AFFIRMED.