16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George MARTIN, Plaintiff-Appellant,
v.
Reginald A. WILKINSON, et al., Defendants-Appellees.
 No. 93-3709.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 1
 Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 George Martin, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Martin sued the director of the Ohio Department of Rehabilitation and Correction (Wilkinson) and the deputy warden (Matthew) of the Chillicothe Correctional Institution (CCI), in both their individual and official capacities. Martin alleged that the defendants forced him to submit to an inaccurate drug test, in violation of his Eighth and Fourteenth Amendment rights. The district court initially denied the defendants' motion to dismiss, but struck Martin's Eighth Amendment claim from the complaint. Thereafter, Martin named a case manager (Lisath) employed at CCI, as an additional defendant, alleging that he improperly confiscated a document in violation of Martin's due process rights and his right of access to the courts. The district court then dismissed defendant Lisath because Martin had not established that Lisath had violated his rights. After reviewing the remaining defendants' motion for summary judgment and Martin's response, the district court granted summary judgment in favor of the defendants. Martin has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Martin simply failed to present significant probative evidence to establish that the defendants' drug testing program violated his due process rights. See Higgs v. Bland, 888 F.2d 443, 448 (6th Cir.1989); Peranzo v. Coughlin, 850 F.2d 125, 126 (2d Cir.1988).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation