73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Edward RODGERS, Petitioner-Appellant,
v.
Clarence TRIGG, Respondent-Appellee.
 No. 95-1529.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 22, 1995.
Rehearing Denied Jan. 23, 1996.
 
 Before FLAUM, MANION, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 A disciplinary committee at the Indiana Youth Center found Edward Rodgers guilty of unauthorized drug use. The committee revoked 60 days of good time credits that Rodgers had earned. Rodgers filed a petition under 28 U.S.C. Sec. 2254 challenging this decision.[1] The district court denied his petition, and he appeals.
 
 
 2
 Rodgers offers several arguments that the disciplinary committee violated his due process rights. First, he argues that the committee's explanation of its decision was insufficient. We will uphold the committee's decision as long as there is "some evidence" in the record supporting its conclusion. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). The committee based its conclusion on a drug test in which Rodgers tested positive for marijuana. Rodgers argues that he never submitted to a drug test. This claim is refuted, however, by the testimony of Richard Silcox, a Sergeant at the Indiana Youth Center. Silcox submitted an affidavit stating that he personally ordered Rodgers to submit to a urinalysis test and collected a sample from Rodgers. Silcox Affidavit, R. 8, Exhibit 3(a). The record also contains a copy of the laboratory report, which includes chain of custody information indicating that the sample was taken from Rodgers. R. 8, Exhibit 1(d). The laboratory report indicates that Rodgers tested positive for Cannabinoids. Id. This evidence is more than sufficient to establish that Rodgers submitted to the drug test. In addition, the disciplinary committee was entitled to conclude that Rodgers used a controlled substance based on the positive test result. Cf. Harrison v. Dahm, 911 F.2d 37, 41-42 (8th Cir.1990); Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989); Peranzo v. Coughlin, 850 F.2d 125, 126 (2d Cir.1988). Thus, the committee's explanation was sufficient to satisfy due process concerns.
 
 
 3
 Next, Rodgers claims that the committee refused to compare his signature on the urine sample with his signature in the institution's master file to verify that the signature on the sample is indeed his. He contends that by refusing to compare the signatures, the committee prevented him from presenting exculpatory evidence. If the committee arbitrarily refused to consider exculpatory evidence, this would constitute a violation of Rodgers' due process rights. See Whitford v. Boglino, 63 F.3d 527, 536 (7th Cir.1995); Viens v. Daniels, 871 F.2d 1328, 1336 n. 2 (7th Cir.1989). The evidence that Rodgers sought to present, however, cannot be characterized as "exculpatory." Rodgers did not provide the committee with any reason to believe that the signature on the sample was not his or that a comparison would be anything more than a needless exercise. The lab test, chain of custody information, and Silcox's affidavit constituted overwhelming evidence that Rodgers was guilty, and a comparison of the signatures "would not have undercut the reliability of the evidence on which the board relied." Viens, 871 F.2d at 1336. Because there is no reason to believe that a comparison of the signatures would have exculpated Rodgers, the committee did not violate his due process rights by refusing this request. See id.
 
 
 4
 Finally, Rodgers argues that he should have been provided with an additional hearing to contest the severity of the sanctions imposed on him. Due process requires that before an inmate is deprived of good time credits, he must receive a hearing where he may call witnesses and present documentary evidence in his defense. Wolf v. McDonnell, 418 U.S. 539, 566 (1974); see also Hill, 472 U.S. at 454. Rodgers was provided with such a hearing, and the disciplinary committee convicted him after reviewing the evidence. Rodgers does not argue that the committee exceeded its authority by sentencing him to the revocation of 60 days of good time credits,[2] and his dissatisfaction with the penalty imposed does not entitle him to a second hearing. The disciplinary committee provided Rodgers with all of the due process protections to which he was entitled. Therefore, the judgment of the district court denying his Sec. 2254 petition is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 A prisoner seeking the restoration of good time credits may appropriately bring an action under Sec. 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir.1994)
 
 
 [2]
 A copy of the Indiana Department of Correction's Disciplinary Policy submitted by the respondent indicates that a disciplinary committee may revoke up to six months of good time credits if it finds an inmate guilty of unauthorized drug use. R. 8, Exhibits 2(a)-2(c)