Timothy Peter **RALBOVSKY**,
Petitioner–Appellant,

v.

**M.C. KRAMER, Warden; Arnold Schwarzenegger, Respondents– Appellees.**

No. 05–17167.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2006.*

Filed Jan. 8, 2007.

Timothy Peter Ralbovsky, Jamestown, CA, pro se.

Pamela B. Hooley, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

California state prisoner Timothy Peter Ralbovsky petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254, alleging that

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his equal protection rights were violated because he is not earning credits against his sentence when these credits are available to inmates who participate in California's work conservation camps under Cal.Penal Code § 2933.3. The district court denied his petition and declined to issue a certificate of appealability (COA). We affirm the district court's denial of Ralbovsky's petition.

As a threshold matter, the state challenges our jurisdiction because the district court denied a COA. In this circuit, under 28 U.S.C. § 2253(c), "a COA is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." *White v. Lambert,* 370 F.3d 1002, 1010 (9th Cir.2004); *see also Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005). Because the target of Ralbovsky's habeas petition is an administrative decision denying him eligibility for work credits against his sentence, and not a state court proceeding, no COA is necessary. *See Rosas,* 428 F.3d at 1232.

As to Ralbovsky's contention that his equal protection rights were violated, we find no merit in this argument. The record shows that Ralbovsky was ineligible for participation in conservation camp work due to his prisoner classification and length of sentence. Under these circumstances, Ralbovsky has not shown that the different treatment lacked a rational basis. Nor has he established that the statute, Cal.Penal Code § 2933.3, violates equal protection guarantees in the Constitution. *See Kalka v. Vasquez,* 867 F.2d 546, 547 (9th Cir.1989). The state court's ruling, citing *Kalka,* and denying Ralbovsky's habeas petition, was not contrary to, or an

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

unreasonable application of clearly established federal law.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.