**Larry P. CONTERO, Petitioner–Appellant,**

v.

**James E. TILTON, Secretary, California Department of Corrections and Rehabilitation,\* Respondent–Appellee.**

No. 06–15884.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.\*\*

Filed Aug. 23, 2007.

---

\* James E. Tilton is substituted for his predecessor, Jeanne S. Woodford, who was Director of the California Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Larry P. Contero, Coalinga, CA, pro se.

Pamela B. Hooley, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

*** This disposition is not appropriate for publication and is not precedent except as provid-

## ORDER

The memorandum disposition filed June 14, 2007, is hereby amended. The amended memorandum disposition is being filed concurrently with this order.

With these amendments, the petition for panel rehearing is denied. No further petitions shall be entertained.

## AMENDED MEMORANDUM ***

California state prisoner Larry P. Contero appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo, Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contention that this court lacks jurisdiction to entertain this appeal because Contero did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

■ The California courts' rejection of Contero's claims was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). We reject as foreclosed Contero's contention that he has a protected liberty interest in the accrual of work credits. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1094–95 (9th Cir.1986). Accordingly, we evaluate under the rational-basis test his contention that California's 15% cap on work credits he may earn toward his sentence, *see* Cal.Penal Code § 2933.1(a), violates his Fourteenth Amendment guarantee of equal protection. *See Kalka v. Vasquez,* 867 F.2d 546, 547 (9th Cir.1989). We agree with the district

ed in 9th Cir. R. 36–3.

court that the state's interest in treating violent felons more harshly provides a rational basis for California's requirement that Contero, who was convicted of voluntary manslaughter, serve at least 85% of his sentence. *See id.*

Contero's estoppel contention does not state a violation of federal law and is thus not cognizable in these proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

■ Finally, we decline to address claims Contero has raised for the first time on appeal, including Contero's contention that he has been unlawfully deprived of good-conduct credits. *See Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir.), *cert. denied*, 546 U.S. 1136, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006).

**AFFIRMED.**