**Joseph John ETCHEVERRY, Petitioner—Appellant,**

v.

**Jeanne WOODFORD, Respondent— Appellee.**

**No. 06–17398.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Joseph John Etcheverry, Coalinga, CA, pro se.

Pamela B. Hooley, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

## MEMORANDUM **

California state prisoner Joseph John Etcheverry appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As a threshold matter, we reject as foreclosed the government's contention that we lack jurisdiction over this appeal because a certificate of appealability ("COA") is required. As the district court

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

correctly determined, a COA is not necessary where, as here, a state prisoner challenges an administrative decision regarding the execution of his sentence. *White v. Lambert,* 370 F.3d 1002, 1010 (9th Cir. 2004).

 Etcheverry contends that he has a protected liberty interest in the accrual of credits based on his participation in the Inmate Work Training Incentive Program, and that his equal protection and due process rights have been violated by the statutorily-mandated 15–percent cap on work credits he may earn towards his sentence pursuant to California Penal Code § 2933.1(a). On review of the record, we conclude that the decision of the state courts in this case was not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. *See* 28 U.S.C. § 2254(d). We reject as foreclosed Etcheverry's contention that he has a protected liberty interest in the accrual of work credits. *See Kalka v. Vasquez,* 867 F.2d 546, 547 (9th Cir.1989); *Toussaint v. McCarthy,* 801 F.2d 1080, 1094–95 (9th Cir.1986). Accordingly, Etcheverry's due process claim fails. *See McLean v. Crabtree,* 173 F.3d 1176, 1184 (9th Cir.1999). With respect to Etcheverry's equal protection claim, we agree with the district court that the state's interests in treating violent felons more harshly and ensuring public safety provide a rational basis for California's requirement that Etcheverry, who was convicted of voluntary manslaughter, serve at least 85 percent of his sentence. *See Kalka,* 867 F.2d at 547.[1]

---

1. Etcheverry has submitted a number of new documents to this court in support of his equal protection claim. These documents are not part of the district court record and thus are not properly before this court. *See* Fed. R.App. P. 10(a); *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077 (9th Cir.1988).

Etcheverry's estoppel contention does not state a violation of federal law and is thus not cognizable in these proceedings. *See Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

 Finally, we decline to address claims Etcheverry has raised for the first time on appeal, including his contention regarding his entitlement to good-conduct credits. *See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.), *cert. denied,* 546 U.S. 1136, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006); *see also* 28 U.S.C. § 2254(b)(1)(A).

**AFFIRMED.**

Accordingly, we decline to consider them here.

