**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 11, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2904

| | |
|---|---|
| THOMAS CUNNINGHAM, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 3465 |
| ERIC WILSON, *Defendant-Appellee.* | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

This case is one of at least four that Thomas Cunningham has pending in federal court. The first case is criminal: a jury convicted Cunningham of bank robbery, and a sentencing hearing is scheduled for June. The other three cases are all civil and concern the conditions of Cunningham's confinement while he was awaiting his criminal trial. One is a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

civil rights lawsuit pending in the Central District of Illinois, in which Cunningham is seeking damages for an alleged denial of medical treatment while he was detained at the Kankakee County Detention Center before trial. Another is a similar civil rights lawsuit pending in the Northern District of Illinois, regarding harms that Cunningham allegedly suffered after he was transferred to the Metropolitan Correctional Center in Chicago. In the last civil case, this one, Cunningham also complained about the conditions of his confinement at Kankakee and at the MCC, but he did not seek damages or injunctive relief. Instead, he brought this case as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his mistreatment as a pretrial detainee was so severe that he should be immediately released from custody. Reasoning that a writ of habeas corpus is not the proper remedy for unlawful conditions of confinement, the district court dismissed. We affirm.

The district court was correct that release from custody is not a form of relief available under § 2241 to a federal inmate challenging the conditions of his confinement. *See Glaus v. Anderson,* 408 F.3d 382, 386-87 (7th Cir. 2005). And even though Cunningham was a pretrial detainee and not a sentenced inmate, the rule of *Glaus* applies because the "standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge." *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005). That is, a federal convict brings his claim about conditions of confinement under the Eighth Amendment and a federal pretrial detainee must use the Fifth Amendment's Due Process Clause, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.15 (1979), but we apply the same substantive standards to both claims. Therefore, under *Glaus*, neither claim can be remedied by release under § 2241. We note that, under § 2241, *some* due process violations occurring during confinement can be remedied by an earlier release from custody. But those violations affect the duration of confinement, *e.g., Waletzki v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994) (claim regarding arbitrary denial of good-time credits), and not, like Cunningham's alleged violations, the conditions of confinement.

AFFIRMED.