**Robert Duane FRANKLIN,
Petitioner–Appellant,**

v.

**M. KNOWLES, Warden and Attorney General of the State of California, Respondents–Appellees.**

No. 09–15551.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed April 25, 2011.

Walter K. Pyle, Berkeley, CA, for Petitioner–Appellant.

Robert Duane Franklin, Vacaville, CA, pro se.

Krista Leigh Pollard, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Robert Duane Franklin's petition for panel rehearing is granted. The memorandum disposition filed on January 10, 2011, is withdrawn. A new memorandum disposition will be filed concurrently with this order.

The court is in receipt of appellant's pro se petition for rehearing en banc, dated January 24, 2011, and appellant's pro se motion to take judicial notice, dated January 24, 2011. Because appellant is represented by counsel, only counsel may submit filings.

The Clerk shall serve copies of appellant's pro se petition and pro se motion on appointed counsel of record, Walter K. Pyle.

In addition, the Clerk shall serve copies of this order and the new memorandum disposition directly on appellant.

A petition for rehearing, if any, is due within 14 days of the filing date of the new disposition.

## MEMORANDUM **

California state prisoner Robert Duane Franklin appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Franklin contends that the district court erred in dismissing his petition as untimely because proceedings before the state court sufficiently tolled the statute of limitations. Even if Franklin's petition was timely, the state court's rejection of Franklin's due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). California prisoners do not

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have a protected liberty interest in earning work time credits. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1094–95 (9th Cir.1986) (concluding California Penal Code § 2933 "does not create a constitutionally protected liberty interest"); *Kalka v. Vasquez,* 867 F.2d 546, 547 (9th Cir. 1989) (finding appellant's due process challenge concerning his accrual of work time credits foreclosed by Toussaint). To the extent Franklin's claims concern other credits which do implicate a protected liberty interest, the state court's interpretation of California law was not "so unexpected as to violate due process." *See Gollehon v. Mahoney,* 626 F.3d 1019, 1023 n. 5 (9th Cir.2010); *see also Estelle v. McGuire,* 502 U.S. 62, 67–8, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.