NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided November 22, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3822

| | |
|---|---|
| WILLIAM WARD, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:15-cv-04071 |
| KEVWE AKPORE, et al., <br>     *Defendants-Appellees*. | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

William Ward, an Illinois prisoner, sued prison officials under 42 U.S.C. § 1983 for damages arising out of the denial of sentence credits that he believes he is entitled to receive for good behavior. The district court dismissed the complaint at screening,

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*see* 28 U.S.C. § 1915A, concluding that Ward's claim could not be addressed under § 1983 because his exclusive remedy was through habeas corpus. We affirm.

We start with some context. In Illinois, prisoners generally are entitled by statute to "day-for-day good-conduct credit against their sentences." *People v. Lopez-Bonilla*, 962 N.E.2d 1100, 1103 (Ill. App. Ct. 2011) (citing 730 ILCS § 5/3-6-3(a)(2.1)). But under Illinois's "truth in sentencing" law, prisoners who were convicted for certain violent offenses are "excepted from the day-for-day credit provision and . . . receive no more than 4.5 days of credit for each month" of their incarceration, meaning that they must serve at least 85% of their sentences. *Id.* Among these offenses is aggravated battery with a firearm, Ward's offense of conviction. *See* 730 ILCS § 5/3-6-3(a)(2)(ii).

After serving over 10 years in prison, Ward sued the warden at the facility where he is housed, along with two other corrections officials. He contends that they wrongly denied his inmate grievances, in which he sought recalculation of his release date to account for the "four and a half days of good conduct credits" that he believes he is entitled to receive for each previous month of good behavior. In his complaint he seeks $20,000 in damages to compensate for those denials. Further, shortly after he filed his complaint, he moved to amend it in order to add claims for damages against two more defendants whom he says wrongly denied later grievances about the same issue.

The district court screened Ward's complaint, 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Ward's allegations, "if true, would result in a shorter duration of confinement," the court explained, and therefore his "exclusive remedy is through a writ of habeas corpus and not under 42 U.S.C. § 1983." The district court also denied Ward's motion to amend the complaint, finding that "[a]ny amendment to the Complaint would be futile."

On appeal Ward generally contends that he stated claims for denial of due process and cruel and unusual punishment, and asks this court to "enter a court order to award him . . . 4.5 days of good conduct credits for each month" that he has not received any disciplinary write-ups. But as the district court concluded, Ward's request is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973). In that case, the Supreme Court explained that restoration of good-conduct credits is available *only* in habeas corpus, not under § 1983, because such a claim would result in "shortening the length of . . . actual confinement in prison." *Id.* at 487. Neither this court nor the district court can "award" Ward any sentence credit.

Ward also contends that the district court erred in not awarding him damages for the denial of sentence credits. But a request for damages instead of an injunction does not remove a case from the exclusive domain of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 489 (1994); *Whitfield v. Howard*, 852 F.3d 656, 661–62 (7th Cir. 2017). A prisoner seeking money damages for the very fact or duration of his confinement has no claim under § 1983 "unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *see Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Although Ward asserts that he has "exhausted" his available state remedies, he has not successfully challenged the length of his sentence through a federal writ of habeas corpus, so his damages claim is barred. *See Heck*, 512 U.S. at 486–87; *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (holding that damages claim against federal prison officials, based on alleged miscalculation of sentence, was barred by *Heck*); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (concluding that habeas corpus was correct remedy for miscalculation of sentence).

For that reason we also approve of the district court's decision to deny Ward leave to amend his complaint. Although a judge generally should give pro se litigants an opportunity to amend their complaints before dismissing them, a judge may deny leave to amend where any amendment clearly would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Ward's proposed amendment (naming two more defendants who denied his grievances) would not correct the problems his complaint faces under *Preiser* and *Heck*.

We address a final matter. In dismissing this case, the district court assessed a strike under 28 U.S.C. § 1915(g). Because Ward now has received three strikes for bringing an action or appeal that was dismissed on the ground that it is frivolous or fails to state a claim upon which relief may be granted, he no longer may proceed in forma pauperis under § 1915(g). *See also Ward v. Gaetz*, 10-cv-00640 (S.D. Ill. March 18, 2011) (dismissing action for failure to state a claim and noting a strike); *Ward v. Zelezinski*, 10-cv-07310 (N.D. Ill. Nov. 18, 2010) (same).

AFFIRMED.