Frederick Newhall WOODS,
Petitioner—Appellant,

v.

John MARSHALL, Warden,
Respondents—
Appellees.

No. 05–16120.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2006.

Decided May 31, 2006.

Ephraim Margolin, Esq., Gary Dubcoff, San Francisco, CA, for Petitioner—Appellant.

Brian G. Walsh, Office of the California Attorney General, San Francisco, CA, for Respondents—Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Frederick Newhall Woods appeals the district court's denial of his petition seeking habeas corpus relief from the California Board of Parole Hearings' ("Board") September 26, 2000 denial of parole. We have jurisdiction over both the certified and non-certified issues Woods raises on appeal because the "target" of the two uncertified issues is not the State court judgment or the sentence derived therefrom, but is rather the Board's administrative decision "regarding the execution of his sentence." *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir.2005) (internal quotation marks omitted). We affirm.

Woods's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. AEDPA's deferential standard of review under 28 U.S.C. § 2254(d) is inapplicable, however, because there was no reasoned state court decision. The Board of Parole Hearings Office of Policy and Appeals is an administrative body not entitled to deference under AEDPA. *See Rosas*, 428 F.3d at 1231–32; *White v. Indiana Parole Bd.*, 266 F.3d 759, 763–64 (7th Cir.2001). We must review the last state court decision that adjudicat-

ed Woods's claims on the merits. Here, that is the decision of the Alameda Superior Court, which did not provide us with any reasoning to support its conclusion. Therefore, "we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law," *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002), "through the 'objectively reasonable' lens ground by *Williams*," *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000) (construing *Williams v. Taylor*, 529 U.S. 362, 400, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

Woods makes both facial and "as applied" *Ex Post Facto* Clause challenges under *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000). Woods's facial challenge fails because we are bound by our decision in *Connor v. Estelle*, 981 F.2d 1032, 1033–34 (9th Cir. 1992), which held that "the DSL guidelines require consideration of the same criteria as did the ISL." Woods's "as applied" challenge fails because the proffered statistical analysis is inadequate to demonstrate that the application of the ISL guidelines creates a significant risk of increasing his punishment given his unique circumstances. *Garner*, 529 U.S. at 255–56, 120 S.Ct. 1362; *cf. Mickens–Thomas v. Vaughn*, 321 F.3d 374, 380, 385 (3d Cir. 2003). Because Woods fails to demonstrate a significant risk of increased incarceration under the DSL guidelines, we reject his contention that he was deprived of the benefit of his plea bargain, as "discretion, by its very definition, is subject to changes in the manner in which it is informed and then exercised." *Garner*, 529 U.S. at 253, 120 S.Ct. 1362.

Woods's contention that he was denied due process because the "conclusions

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reached and factors relied on by the Board were devoid of evidentiary basis," *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir.2003), lacks merit. While continued reliance on the unchanging circumstances of Woods's offense could at some point implicate his liberty interest in parole, *id.* at 916, that did not happen in the course of the Board's 2000 parole denial. The mental health evaluation reporting the presence of "characterological issues" and revealing Woods's relatively recent assumption of responsibility for the negative effects of his crime is " 'some evidence' having 'some indicia of reliability.' " *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir.2002) (applying standard outlined by the Supreme Court in *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

The Board's parole decision itself belies Woods's contention that he was denied individualized consideration by an unbiased panel. While the statistics Woods adduces evidence a sharp decline in the number of life prisoners granted parole, the Board decision as to Woods demonstrates that the Board tailored its decision to Woods's individual circumstances. The Board considered Woods's specific offense, the therapy programs in which he had participated, his mental health evaluation, and the opposition of the district attorney. Thus, it did not deny Woods due process.

Accordingly, the Alameda Superior Court's denial of Woods's habeas petition was not objectively unreasonable. *Delgado*, 223 F.3d at 982.

**AFFIRMED.**