**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MIGUEL ROSAS,
  *Petitioner-Appellant,*

v.

JAMES NIELSEN,
  *Respondent-Appellee.*

No. 04-16039

D.C. No.
01-0809-LKK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted September 16, 2005*
San Francisco, California

Filed November 4, 2005

Before: Betty B. Fletcher, John R. Gibson,** and
Marsha S. Berzon, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

15123

---

**COUNSEL**

Miguel Rosas, Vacaville, California, in pro se, for the petitioner-appellant.

Constance L. Picciano, Deputy Attorney General, Sacramento, California, for the respondent-appellee.

---

**OPINION**

PER CURIAM:

Miguel Rosas petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that he was improperly denied parole and that he was denied due process and effective assistance of counsel at sentencing. The district court denied his petition and declined to issue a certificate of appealability. We affirm the district court's denial of Rosas's petition with respect to his first ground for relief, and we dismiss his appeal with respect to the second ground for lack of jurisdiction.

On November 2, 1990, Rosas pled no contest to the crime of second degree murder and was later sentenced to fifteen years to life in prison. After his first parole hearing the Board of Prison Terms determined that Rosas was not suitable for parole, basing its decision, in part, on the circumstances of his offense.[1] The Board further concluded that it was not reason-

---

[1]The Statement of Facts the Board relied on explained that Rosas killed Guerrmo Motta by shooting him twice in the back of the head and a third time, execution style, behind his ear. Based on these facts, the Board

able to expect that Rosas would be found suitable for parole at any time during the next five years and issued a five-year denial of parole pursuant to Cal. Penal Code § 3041.5(b)(2)(B).

On March 2, 2000, Rosas filed a pro se petition for a writ of habeas corpus in Solano County Superior Court. His petition was denied on March 24, 2000. Rosas then filed a petition with the California Court of Appeal, which was denied on August 17, 2000. The following month, he filed another original habeas petition in the California Supreme Court. The Supreme Court denied the petition on February 28, 2001.

In the last of his habeas petitions, Rosas alleged that the denial of parole for five years was improper under Cal. Penal Code § 3041.5(b) and *California Department of Corrections v. Morales*, 514 U.S. 499 (1995), that the Board of Prison Terms improperly relied on the circumstances of his offense to deny his parole, and that because his guilty plea in the underlying offense was not knowing and voluntary, his sentence was imposed without due process and effective assistance of counsel. Rosas then sought habeas relief in the U.S. District Court for the Eastern District of California. In his initial federal court petition he raised the same three arguments he had raised in state court; he also added an ex post facto challenge to the five-year denial that the magistrate judge determined he had failed to exhaust in state court. Rosas subsequently filed an amended petition omitting entirely his first ground for relief challenging the five-year denial based on Cal. Penal Code § 3041.5(b) and *Morales*.

---

stated that Rosas's crime was carried out in "a manner exhibiting a callous disregard for the life and suffering of another [and] in a dispassionate and calculated manner." The Board concluded that Rosas posed an unreasonable risk to society. The Board's denial of parole was also based on Rosas's psychiatric reports and his failure to complete necessary programs while in prison.

A magistrate judge recommended the denial of Rosas's amended petition. First, the judge concluded that the state court did not err in upholding the denial of parole because the Board had properly exercised its discretion under California law and had properly considered the circumstances of Rosas's offense. *See* Cal. Penal Code § 3041.5(b)(2). Second, the magistrate judge concluded that Rosas's challenge to his underlying conviction was untimely because the statute of limitations expired in 1997, and he filed his first federal habeas petition in 2001. *See* 28 U.S.C. § 2244(d)(1); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Adopting the magistrate judge's findings and recommendations, the district court denied relief and later denied Rosas's request for a certificate of appealability.

## I.

Rosas contends he is entitled to habeas relief because the Board of Prison Terms improperly denied his request for parole. As a preliminary matter, we must determine whether we have jurisdiction over this claim notwithstanding Rosas's failure to obtain a certificate of appealability from the district court. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (stating general rule that certificate of appealability is jurisdictional prerequisite to appellate review of denial of habeas petition).

[1] A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The Ninth Circuit construed this language in *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 503 (2005), to hold that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." *Id.* at 1010. Thus, the district court looks at who made "the detention decision complained of by the state prisoner," an administrative

body or a judicial one, in determining whether a certificate of appealability is required. *Id.*

The "target" of the *White* petitioner's complaint was the state Department of Corrections that ordered him transferred to a privately-run prison in another state. *Id.* at 1011. Because his transfer was the result of an administrative decision "regarding the execution of his sentence," rather than a result of "process issued by a State court," no certificate of appealability was required and this court had jurisdiction to entertain the appeal. *Id.* at 1012-13.

**[2]** The target of the first ground in Rosas's petition is not the State court judgment or sentence derived therefrom, but the Board of Prison Terms' administrative decision to deny his request for parole. That is a decision "regarding the execution" of his sentence. *See id.* Therefore, we have jurisdiction over Rosas's denial of parole claims notwithstanding his failure to secure a certificate of appealability.

We review de novo the district court's denial of a petition for habeas relief under 28 U.S.C. § 2254. *Id.* at 1005 (citing *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir. 2003)). A federal court may overturn habeas claims adjudicated on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court's findings of fact are entitled to a presumption of correctness that can only be overcome by a showing of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

**[3]** Rosas contends that the Board of Prison Terms violated his due process rights by relying on the circumstances of his offense in denying his request for parole.[2] The Board of

---

[2]Rosas also claimed in his first petition that the denial of parole was unconstitutional under *Morales*. Rosas omitted this ground for relief from his amended petition and has waived that issue on appeal. *Poland v. Stewart*, 169 F.3d 573, 576 n.4 (9th Cir. 1999).

Prison Terms enjoys broad discretion in parole-related decisions. *In Re Powell*, 755 P.2d 881, 886 (Cal. 1988). In exercise of this broad discretion the Board may deny parole for up to five years for an inmate convicted of murder if the Board finds "that it is not reasonable to expect that parole would be granted at a hearing during the [next five] years." Cal. Penal Code § 3041.5(b)(2)(B). If the Board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002).

**[4]** At his parole hearing, Rosas did not dispute the Board's recitation of the manner of his victim's death: two shots in the back, while the victim was running away, and one shot execution-style into the back of the victim's head. Relying on these undisputed facts, the Board concluded that Rosas had carried out his crime in a callous, dispassionate, and calculated manner and that he posed an unreasonable risk to society.[3] The Board further supported its decision to deny parole with Rosas's psychiatric reports and records recounting his failure to complete necessary programming while in prison. The circumstances of Rosas's crime, along with his psychiatric reports, constituted evidence with sufficient reliability to support the Board's denial of parole. Therefore we cannot conclude that the state court's decision upholding this denial was "contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

---

[3]California regulations specifically direct the Board to consider whether the crime was committed in a "dispassionate and calculated manner such as an execution-style murder," in determining whether an inmate convicted of murder is suitable for parole. Cal. Code Regs. tit. 15, §§ 2268(b), 2281(c)(1)(B).

## II.

Rosas also contends that he is entitled to habeas relief because his guilty plea was not knowing and voluntary, thereby denying him due process and effective assistance of counsel at sentencing. The district court dismissed this claim as time-barred and later denied Rosas's request for a certificate of appealability on the issue.

[5] Unlike Rosas's claim for denial of parole, the challenge to his underlying conviction "arises out of process issued by a State court," and therefore Rosas must obtain a certificate of appealability in order for us to entertain his appeal. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses the petition on procedural grounds, a certificate of appealability should issue only if the petitioner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[6] Rosas has failed to meet this standard with respect to the district court's resolution of the statute of limitations issue. The statute of limitations on habeas corpus petitions filed by state prisoners in federal court is one year. 28 U.S.C. § 2244(d)(1). State prisoners like Rosas, whose convictions became final prior to the enactment of this one-year statute of limitations, had until April 24, 1997 to file their petitions. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Rosas did not file a petition challenging his sentence until 2000. Moreover, nothing in the record suggests that there were extraordinary circumstances preventing Rosas from petitioning for relief before the limitations period had elapsed. *Cf. Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Because

reasonable jurists would not find the district court's procedural ruling debatable, the district court did not err in denying Rosas's request for a certificate of appealability.

## III.

We affirm the district court's denial of Rosas's petition for habeas relief with respect to the denial of his request for parole. We dismiss his appeal from the district court's denial of his petition for habeas relief challenging the underlying judgment. **AFFIRMED IN PART, DISMISSED IN PART.**