**Ramzi BADWI, Petitioner—Appellant,**

v.

**Anthony A. LAMARQUE, Warden, Respondent—Appellee.**

No. 04–56275.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 2006.*

Filed May 12, 2006.

Ramzi Badwi, Soledad, CA, pro se.

Jeffrey B. Kahan, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LAY,\*\* KLEINFELD, and SILVERMAN, Circuit Judges.

### MEMORANDUM \*\*\*

Petitioner Ramzi Badwi appeals the district court's denial of his petition for a writ of habeas corpus. The district court held that the California Court of Appeal's decision affirming Badwi's conviction was not an unreasonable application of federal law. We affirm.

We review the district court's decision *de novo*. *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir.2005). Habeas relief is warranted only if the decision was "contrary to" or "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The California Court of Appeal held that "any purported error" in admitting evidence of Badwi's financial difficulties was not prejudicial. This ruling was not unreasonable. As the court noted, the other evidence of Badwi's guilt was strong: an eyewitness identified Badwi as being at the victim's home the morning of the murder; Badwi's fingerprints were found inside the victim's home; and he pawned the victim's peacock ring for cash the day after the crime.

Even assuming that evidence of the defendant's financial difficulties was not admissible to prove motive under California law, *see, e.g., People v. Wilson*, 3 Cal.4th 926, 939, 13 Cal.Rptr.2d 259, 838 P.2d 1212 (1992), federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citation omitted). The U.S. Supreme Court has never held that admission of such evidence constitutes the violation of a constitutional right. Therefore, the California Court of Appeal's decision cannot be said to be contrary to clearly established federal law as determined by the Supreme Court.

**AFFIRMED.**

---

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

