**Michael Ray JONES, Petitioner–Appellant,**

v.

**Rod MITCHELL; Lakeport Probation Dept., Respondents–Appellees.**

No. 05–17441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Sept. 28, 2006.

John Grele, San Francisco, CA, for Petitioner–Appellant.

John R. Vance, Jr., Special AUSA, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, Senior District Judge.

## MEMORANDUM **

Michael Ray Jones was convicted of two counts of lewd or lascivious acts with Stephanie, a child under fourteen, who was his stepdaughter at the time of the relevant events. Now on probation with a suspended sentence, Jones appeals the district court's denial of his habeas corpus petition, which was based on ineffective assistance of counsel claims. Because the state court's earlier rejection of these claims was not objectively unreasonable, we affirm the district court's decision.

We review the district court's order *de novo*, *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam), and grant habeas corpus relief if the state court decision unreasonably applied clearly established Supreme Court precedent or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Neither is the case here.

Jones claims that his trial attorney erred in rejecting a defense theory that Stephanie's memories of molestation were once repressed and were therefore unreliable. Jones additionally challenges his attorney's chosen defense theory, that Stephanie's father was the actual abuser, as deficient because it was weakly supported at trial. Finally, Jones claims that his attorney was ineffective because she excluded evidence of Jones' inappropriate conduct in Idaho and limited cross-examination of Stephanie and her mother.

The state court held that the attorney's decisions about a theory of defense, admission of Idaho evidence, and cross-examination were informed and reasonable strategic decisions. The state court opinion cited the attorney's testimony that she chose her defense theory and cross-examination strategy based on the belief that Stephanie was credible and that she did not want to weaken Jones' case by admitting excludable evidence of bad acts. The state court also accepted Jones' explanation that she conducted virtually no cross-examination of Stephanie's mother because the mother was uncontrollable.

We agree with Jones that his attorney could have tried the case differently, and perhaps more effectively. For example, the chosen defense theory—that Stephanie was actually molested but by her biological father—was not extremely strong. Trial testimony about the relationship between Stephanie and her father was speculative and was delivered by two witnesses easily impeached for bias. In the absence of physical evidence of abuse, a direct challenge to Stephanie's account of molestation may have been more effective. Additionally, the attorney's decision to exclude Idaho evidence involved a significant tradeoff: While limiting evidence of prior bad acts, this exclusion also prevented a potentially powerful line of cross-examination, related to the veracity of Stephanie's diary accounts of molestation.

Nevertheless, we affirm the district court's denial of Jones' petition. *Strick-*

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsels that state courts should ordinarily defer to attorneys' decisions, and we, in turn, must defer to state court decisions under 28 U.S.C. § 2254(d). Neither *Strickland* nor our deferential habeas review means that all "strategic" decisions are acceptable. *See United States v. Span,* 75 F.3d 1383, 1389–90 (9th Cir.1996). In this case, however, with regard to each of Jones' claims, the state court decision was a reasonable application of *Strickland,* which held that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 466 U.S. at 688, 104 S.Ct. 2052.

 In particular, the state court reasonably concluded that Jones' attorney was not ineffective because the attorney consistently pursued her chosen theory and investigated a repressed memory theory before rejecting it. *See Rompilla v. Beard,* 545 U.S. 374, 125 S.Ct. 2456, 2463, 162 L.Ed.2d 360 (2005) ("[R]easonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."). Additionally, because Stephanie effectively explained inconsistencies in her allegations during the preliminary hearing, the state court reasonably viewed as competent the attorney's assessment that Stephanie was credible and was not "recovering" false memories. Finally, even though Jones' attorney did not introduce Idaho evidence or cross-examine Stephanie or her mother as vigorously as she could have, the state court reasonably deferred to the attorney's explanation of her decisions. *See Darden v. Wainwright,* 477 U.S. 168, 186, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (finding reasonable a defense attorney's

decision not to present character evidence when doing so would open the door for damaging evidence of prior convictions); *Silva v. Woodford,* 279 F.3d 825, 852 (9th Cir.2002) (finding reasonable defense counsel's limited cross-examination of adverse witness because cross-examination could have made the witness more sympathetic in the eyes of the jury).

Furthermore, the state court's analysis was based on a reasonable determination of the facts, which were partly elicited at a post-trial hearing on Jones' ineffective assistance claims. We reach this conclusion despite a sustained objection to trial counsel's testimony about which specific materials she consulted to determine that Stephanie had probably been molested. The trial court's decision to sustain this objection created a notable gap in the evidence available. Despite this gap, the state court was reasonable to infer from the record that trial counsel had read the preliminary hearing transcript and consulted at least some other discovery materials, and appropriately found that the preliminary hearing transcript corroborated trial counsel's testimony that Stephanie's accounts of molestation were consistent. It was also not unreasonable for the state court to conclude that trial counsel's investigation of a repressed memory defense was sufficient, without knowing which specific discovery materials trial counsel had consulted.[1]

Accordingly, we affirm the district court's denial of Jones' petition for a writ of habeas corpus.

**AFFIRMED.**

---

1. Jones did not raise this evidentiary issue before state courts or the district court. As such, it is both unexhausted and waived. We nevertheless mention the issue because it does not affect our conclusion on the merits in this case. *See* 28 U.S.C. § 2254(b)(2) (regarding exhaustion).