Alonzo **REED**, Petitioner–Appellant,

v.

Roy A. **CASTRO**, Warden, Respondent–Appellee.

No. 05–16531.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alonzo Reed, Represa, CA, pro se.

Lisa A. Tillman, Esq., Jennifer A. Neill, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Alonzo Reed, a California state prisoner, appeals pro se from the denial of his 28 U.S.C. § 2254 habeas corpus petition claiming that his constitutional rights were violated when he was found guilty of theft in prison disciplinary proceedings in 2001. He contends that the district court erred in concluding that he could not state a claim either for habeas relief or for relief under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Reed could not proceed under

---

§ 2254 because he received only a "counseling chrono" and did not lose any sentencing credit as a result of the disciplinary decision. *See Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir.2003).

■ Reed contends that he suffered an "atypical and significant hardship" as a result of the disciplinary decision, and therefore could state a due process claim under 42 U.S.C. § 1983, because prison officials search him when he leaves the prison law library and often accuse him of theft and search his cell. These conditions are insufficient to create a due process liberty interest. *Cf. id.* at 861 (discussing overcrowding, violence, and isolation).

■ Reed also contends that he stated a claim of retaliation for exercising his First Amendment right to file a complaint against the prison official who subsequently reported him for theft. This contention lacks merit because Reed's habeas petition includes only two due process claims.

■ Finally, as a three-judge panel, we lack authority to address respondent's contention that *Rosas v. Nielsen,* 428 F.3d 1229 (9th Cir.2005), was incorrectly decided and that a certificate of appealability is required in cases concerning administrative decisions that affect petitioners' sentences. *See Marshall v. Taylor,* 395 F.3d 1058, 1061 n. 15 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 139, 163 L.Ed.2d 140 (2005).

**AFFIRMED.**

