Tommie Lee **STEWART,** Petitioner–Appellant,

v.

Doug **WADDINGTON,** Respondent–Appellee.

No. 05–35276.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Tommie Lee Stewart, Aberdeen, WA, pro se.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory J. Rosen, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Tommie Lee Stewart appeals *pro se* from the district court's judgment dismissing his petition under 28 U.S.C. § 2254. We have jurisdiction' under 28 U.S.C. § 1291. We review *de novo, Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

The district court did not err when it dismissed Stewart's challenge to the authority of the Washington Indeterminate Sentence Review Board to rescind its earlier decision to discharge him from parole. Stewart based that challenge solely on state law, and "a violation of state law standing alone is not cognizable in federal court on habeas." *Park v. California,* 202 F.3d 1146, 1149 (9th Cir.2000) (citing *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)). For the first time in this court, Stewart contends that the Board's action deprived him of a federally protected liberty interest. We decline to consider this contention. *See Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir. 2001).

In order for Stewart to challenge the Board's action in this court, he did not require a certificate of appealability. *See*

*Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam). However, before this court Stewart also raises contentions regarding his 1975 assault conviction that have not been certified for appeal. We deny a certificate of appealability with respect to these contentions. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**AFFIRMED.**