**Steven W. ROSE, Petitioner—Appellant,**

v.

**Robert HERNANDEZ, Respondent—Appellee.**

No. 05–55641.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Steven W. Rose, Avenal, CA, pro se.

AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

California state prisoner Steven W. Rose appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo, Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contention that the court lacks jurisdiction to entertain this appeal because Rose did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

Rose contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violates his due process right under the Fourteenth Amendment. Rose concedes that he has incurred disciplinary violations while in prison. Furthermore, the record of the 2002 parole suitability hearing conducted by the Board both substantiates this concession and provides other evidence to support the Board's decision to deny Rose parole. We therefore conclude that "some evidence" supports the Board's decision, and hence that there was no due process violation. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey,* 479 F.3d 658, 662 (9th Cir.2007); *Sass,* 461 F.3d at 1128–29. Accordingly, we decline Rose's invitation to revisit *Sass's* application of the "some evidence" standard in this context. *See*

*Miller v. Gammie,* 335 F.3d 889, 899 (9th Cir.2003) (en banc) ("[A] three-judge panel may not overrule a prior decision of this court.").

Rose also contends that the Board's actions amount to cruel and unusual punishment. We may only grant relief on this claim if Rose can show that the Board's actions have resulted in punishment that is grossly disproportionate to the crime, for the gross disproportionality principle is the only "clearly established Federal law" in this context. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Rose is serving a life sentence with the possibility of parole—a sentence he does not contend is itself grossly disproportional to his crime. Because the Board's actions have not increased the length of his sentence beyond the maximum authorized term, we reject this claim.

Both Rose's briefs and his separate filing received by the court on February 15, 2007, raise arguments for the first time on appeal. Because he did not raise these arguments in the district court, we decline to consider them now. *See Allen v. Ornoski,* 435 F.3d 946, 960–61 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006). To the extent these documents contain uncertified issues, we construe Rose's presentation of such issues as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). So construed, we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

We deny Rose's request for appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983) (per curiam).

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

All other pending motions are denied as moot.

The Clerk shall serve on Rose a copy of this court's docket.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.