**Delfino MACHADO, Petitioner–Appellant,**

v.

**James A. YATES, Respondent–Appellee.**

No. 06–16045.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Delfino Machado, Coalinga, CA, pro se.

Benjamin T. Rice, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Delfino Machado appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo, Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contention that we lack jurisdiction to entertain this appeal because Machado did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

After reviewing the record, we conclude that the prison disciplinary proceedings in this case comported with the requirements of due process. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Machado had notice of the charges against him more than 24 hours before the hearing, was able to call witnesses on his behalf in a manner consistent with prison security concerns, and received a written explanation of the evidence relied on and the resaons for the finding of guilt. *See Wolff v. McDonnell,* 418 U.S. 539, 564–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). "Some evidence" supports the finding of guilt. *See Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768. Finally, the record belies Machado's assertion that the same officer both reviewed the initial disciplinary charge and presided at the disciplinary hearing. Accordingly, the California Superior Court's determination that the prison disciplinary proceedings did not deprive Machado of his federal due process rights was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

Also, the district court did not abuse its discretion in denying Machado's request for discovery because he did not show good cause. *See Rich v. Calderon,* 187 F.3d 1064, 1068 (9th Cir.1999).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.