**Jon Randall CRAWLEY, Petitioner–Appellant,**

v.

**M. KNOWLES, Warden, Respondent–Appellee.**

**No. 06–56614.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Jon Randall Crawley, Folsom, CA, pro se.

Beneth A. Browne, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Jon Randall Crawley appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the state-court record independently, *see Plascencia v. Alameida,* 467 F.3d 1190, 1198 (9th Cir.2006), and the district court's decision *de novo. See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006). We affirm.

We reject as foreclosed the State's contention that we lack jurisdiction over this appeal because Crawley did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir. 2005) (per curiam).

Crawley contends that the California Board of Prison Terms's (the "Board") 2003 decision denying him parole violates his due process rights. Our review of the record indicates that "some evidence" supports the Board's decision that Crawley was not then suitable for parole. *See Sass,* 461 F.3d at 1129. The "some evidence" standard does not allow us to entertain Crawley's contentions regarding how the Board evaluated the evidence it had before it when it made its suitability determination. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Crawley also contends that the Board's determination of unsuitability constitutes a breach of his plea agreement. To the extent this claim rests on a violation of California law, it is not cognizable in these proceedings. *See Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) "( [F]ederal habeas corpus relief does not lie for errors of state law."). To the extent Crawley is raising a federal due process challenge with respect to his plea agreement, *see Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), we agree with the district court that this claim lacks merit because the record does not disclose the terms of any such agreement.

For these reasons, the California courts' rejection of these claims was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Hill,* 472 U.S. at 455, 105 S.Ct. 2768; *Sass,* 461 F.3d at 1129.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provid-