**Andrew Rick LOPEZ, Petitioner–Appellant,**

v.

**Derral G. ADAMS, Warden; * et al., Respondents–Appellees.**

**No. 07–15069.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.**

Filed Aug. 20, 2007.

Andrew Rick Lopez, Corcoran, CA, pro se.

Jennifer A. Neill, Esq., Spencer L. Walker Fax, AGCA–Office of the California Attorney General (SAC), Mary Jo Graves, Esq., Attorney General's Office for the State of California, Sacramento, CA, for Respondents–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM ***

California state prisoner Andrew Rick Lopez appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. After *de novo* review, *see Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), we affirm.

We reject as foreclosed the State's suggestion that we lack jurisdiction to entertain this appeal because Lopez did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

Lopez contends that the district court erred when it declined to deem admitted certain allegations he made in his § 2254 petition to which the State did not directly respond in its answer. We reject this contention. *See* Fed.R.Civ.P. 8(b); *cf. Harvey Aluminum, Inc. v. NLRB,* 335 F.2d 749, 758 (9th Cir.1964).

Lopez also contends that the prison disciplinary hearing at issue did not afford him certain procedural protections. The procedural protections to which Lopez claims he was entitled fall into two categories—those that correspond to due process rights found in clearly established federal law as identified by the Supreme Court, and those that do not. After reviewing the

---

* Derral G. Adams is substituted for his predecessor, George M. Galaza, as Warden of Corcoran State Prison, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

record, we conclude that Lopez received all the process due to him under governing law. *See Edwards v. Balisok,* 520 U.S. 641, 647, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Superintendent v. Hill,* 472 U.S. 445, 455–57, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Consequently, the California Superior Court's rejection of these claims neither was contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

Furthermore, the California Superior Court also did not unreasonably reject Lopez's claims to procedural protections not found in clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Carey v. Musladin,* —— U.S. ——, 127 S.Ct. 649, 653–54, 166 L.Ed.2d 482 (2006).

We also reject Lopez's due process contentions regarding the administrative appeals process. Assuming *arguendo* that there were any due process defects during these appeals, those defects would be harmless in light of the validity of the disciplinary hearing from which those appeals stem. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Accordingly, the California Superior Court's resolution of these claims neither was contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

Finally, we decline to consider those contentions Lopez has raised for the first time on appeal. *See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.), *cert. denied,* 546

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

U.S. 1136, 126 S.Ct. 1140, 163 L.Ed.2d 944 (2006).

**AFFIRMED.**