**Jon Royal FLEMING, Petitioner—Appellant,**

v.

**Ken QUINN, Respondent—Appellee.**

No. 06–35706.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Filed Oct. 18, 2007.

Jon Royal Fleming, Monroe, WA, pro se.

Donna H. Mullen, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Jon Royal Fleming, a Washington state prisoner, appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition, which alleged that his constitutional right to due process was violated when state prison officials denied him good-time credits as a result of prison disciplinary action. We have jurisdiction under 28 U.S.C. § 2253. We review the denial of the petition de novo, *see Serrato v. Clark,* 486 F.3d 560, 565 (9th Cir.2007), and we affirm the district court.

Fleming argues that because he was not competent at the time of his disciplinary hearings from 1996–2001, the hearings violated due process. The Washington Court of Appeals ruled, however, that Fleming never established he was incompetent during that time. That decision is not " 'contrary to, or involved an unreasonable application of, clearly established federal law' [n]or 'was based on an unreasonable determination of the facts.' " *Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam) (quoting 28 U.S.C. § 2254(d)).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Fleming also argues that he was entitled to a staff advisor at his disciplinary hearings. In *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that although prison disciplinary hearings resulting in the loss of good-time credits must provide some due process protections, inmates do not have a right to counsel. An illiterate inmate, or one who is unable to collect and present the necessary evidence, is entitled to seek help from a fellow inmate or staff. *Id.* Washington state law provides that a staff advisor may be available to an inmate if the hearing officer concludes that the inmate needs assistance because he cannot speak for himself, or because of his mental status. *See* Wash. Admin. Code 137–28–340. The state appeals court concluded that because no court ever found Fleming incompetent, and because Fleming did not present evidence that he was unable to defend or represent himself during the hearings, the absence of an advisor did not make the hearings a violation of due process. This conclusion is not contrary to clearly established federal law, nor does it rest on an unreasonable determination of the facts.

Lastly, Fleming argues that the district court erred in refusing to grant him a continuance. The decision to grant or deny a continuance is reviewed for an abuse of discretion. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). The district court refused to grant a continuance since (1) Fleming already had been granted additional time to file objections to the merits of his habeas petition and failed to do so and (2) his motion was in substance an attempt to raise an Eighth Amendment claim challenging the

conditions of his confinement. There was no abuse of discretion.

AFFIRMED.

