**Samuel Lee MEDWAY, Petitioner–Appellant,**

v.

**Arnold SCHWARZENEGGER, Governor; Bill Lockyer, Attorney General, Respondents–Appellees.**

No. 05–56626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Nov. 13, 2007.

Samuel Lee Medway, Imperial, CA, pro se.

Benjamin L. Coleman, Esq., San Diego, CA, Ethan A. Balogh, Esq., Coleman & Balogh, LLP, San Francisco, CA, for Petitioner–Appellant.

Charles Chung, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: WALLACE, T.G. NELSON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Samuel Medway appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. Further, under *Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam), Medway did not need to obtain a certificate of appealability.

Medway has a constitutionally protected liberty interest in parole. *See* Cal.Penal Code § 3041(b); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127–28 (9th Cir. 2006). This court has recognized that the "some evidence" standard articulated in *Superintendent v. Hill*, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) is clearly established in the parole context. *Sass*, 461 F.3d at 1128–29. Consequently, the relevant question is whether "some evidence" supported the governor's decision to reverse Medway's parole.

The governor's decision was supported by some evidence: (1) the nature and gravity of Medway's commitment offense; (2) Medway's failure to develop concrete post-release employment plans; and (3) the danger posed by Medway's potential relapse into substance abuse.

Under the deferential standards applicable here, this evidence is sufficient to support the parole reversal. Moreover, there is no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), that limits the number of times a parole board or the governor may deny parole based on the brutality of the commitment offense. Though the predictive value of the nature of the offense may fade over time, it remains relevant here.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, the district court's decision is AFFIRMED.