Nathaniel WILLIAMS, Petitioner—
Appellant,

v.

**BOARD OF PRISON TERMS,**
Respondent—Appellee.

No. 06–16760.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Nathaniel Williams, Tracy, CA, pro se.

Julia Y. Je, Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

California state prisoner Nathaniel Williams appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2253. We review *de novo, Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contention that we lack jurisdiction to entertain this appeal because Williams did not obtain a certificate of appealability. *See Rosas v. Nielsen,* 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

Williams contends that the 2000 decision of the California Board of Prison Terms ("the Board") to deny him parole and to set his next parole hearing two years later violated his due process rights. After reviewing the record, we conclude that the Board's decision was supported by "some evidence." *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Accordingly, the California Superior Court's decision was not an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

■ Williams further contends that his due process rights were violated because the Board's decision violated his plea agreement. We reject this contention because the record contains no evidence of the terms of that agreement. *Cf. Buckley v. Terhune,* 441 F.3d 688, 699 (9th Cir. 2006) (en banc) (holding that a federal habeas court may grant specific performance of a plea agreement in the face of evidence that the state has breached the terms of such an agreement), *cert. denied,* — U.S. —, 127 S.Ct. 2094, 167 L.Ed.2d 831 (2007).

■ We reject Williams's double jeopardy contention because the Board's decision did not subject him to either a second criminal prosecution or to multiple punishments for the commitment offense. *See generally United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

■ Williams contends that the Board violated his due process rights by conducting the 2000 suitability hearing 10 months later than scheduled. Because there is no clearly established right to a prompt parole suitability hearing, we reject this claim. *See Carey v. Musladin,* — U.S. —, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006).

■ In his opening brief, Williams raises contentions relating to the plea process. We decline to consider them because Williams did not raise them in his § 2254 petition, and the district court did not address them because Williams raised them for the first time in his objections to the magistrate judge's report and recommendation. *See Duckett v. Godinez,* 67 F.3d 734, 743 (9th Cir.1995).

We have reviewed "Exhibit G," lodged by this court's order of April 2, 2007, and we decline to consider it because it was not part of the district court record.

We construe Williams's "motion to deny respondent's brief," filed June 13, 2007, as a reply brief.

**AFFIRMED.**