**Bradford Thomas TAYLOR, Sr.,**
**Petitioner–Appellant,**

v.

**BOARD OF PRISON TERMS; et**
**al., Respondents–Appellees.**

No. 05–56385.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Bradford Thomas Taylor, Sr., CVSP—Chuckawalla Valley State Prison, Blythe, CA, for Petitioner–Appellant.

J. Conrad Schroeder, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Bradford Thomas Taylor, Sr. appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging multiple decisions by the California Board of Prison Terms ("Board") finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As a threshold matter, we reject as foreclosed the government's contention that we lack jurisdiction over this appeal because a certificate of appealability is required. *See Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam). We also reject the government's contention that California prisoners do not have a liberty interest in parole. *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127–28 (9th Cir.2006).

Taylor contends that the Board's reliance on unchanging facts, such as his commitment offense, without proper consideration of evidence of his rehabilitation, deprives him of his Fourteenth Amendment right to due process. We conclude that there was no due process violation because the Board relied on more than just "unchanging" factors in making its determinations; and that there was "some evidence" with "some indicia of reliability" in the record to support each of the chal-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lenged Board decisions. *See Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir.2003).

Accordingly, the California Superior Court's determination that the Board did not violate Taylor's due process rights was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill*, 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Taylor's motion to take judicial notice of his 2007 Psychiatric Evaluation Report and his 2007 Prison Counselor's Report is denied.

**AFFIRMED.**