Vondell L. **LEWIS**, Petitioner–
Appellant,

v.

**CALIFORNIA BOARD OF PRISON
TERMS**, Respondent–Appellee.

Vondell L. Lewis, Petitioner–Appellant,

v.

**California Board of Prison Terms,
Respondent–Appellee.**

Nos. 05–56604, 06–55929.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

---

* The panel unanimously finds these cases suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vondell L. Lewis, Soledad, CA, pro se.

Jane Catherine Malich, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, Gregory J. Marcot, Esq., Office of the Deputy Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

In these companion cases, California state prisoner Vondell L. Lewis appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition (Case No. 05–56604), and from the district court's order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Case No. 06–55929). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

We review de novo the district court's decision to deny a § 2254 petition. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006). We review for abuse of discretion the district court's decision to deny a Rule 60(b) motion. *See Thompson v. Calderon,* 151 F.3d 918, 920–21 (9th Cir.1998) (en banc). We affirm

both the denial of the § 2254 petition and the denial of the Rule 60(b) motion.

■ In Case No. 05–56604, Lewis contends that the California Board of Prison Terms' (the "Board") decision finding him unsuitable for parole violated his due process rights because the Board relied upon inaccurate facts regarding the nature of the commitment offense, for which Lewis contends he was wrongly convicted.

We conclude that in light of the Board's reliance upon Lewis' failure to adequately pursue vocational training and self-help programs, his prior criminal history, and his prison disciplinary record, some evidence supports the Board's unsuitability finding such that Lewis' due process rights were not violated. *See Sass,* 461 F.3d at 1128–29. Accordingly, the state court's decision rejecting Lewis' challenge to the Board's action was not contrary to, and did not involve an unreasonable application of, clearly established law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Although Lewis also contends that the Board improperly promulgated 15 Cal. Code of Regs. § 2402, such a claim of error in the application of state law is not cognizable in federal habeas proceedings. *See Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1997).

To the extent that Lewis seeks to directly challenge his state court conviction, he has waived such a challenge by failing to raise it in his § 2254 petition. *See Belgarde v. Montana,* 123 F.3d 1210, 1216 (9th Cir.1997).

■ In Case No. 06–55929, Lewis contends that the district court abused its

** This disposition is not appropriate for publication and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

discretion in denying his Rule 60(b) motion. We reject the government's contentions that Lewis was required to obtain a certificate of appealability prior to appealing from the district court's denial of his Rule 60(b) motion, *see Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam), and that he has waived the contention that he raises on appeal. However, we conclude that the district court did not abuse its discretion in denying Lewis' Rule 60(b) motion, because the alleged fraud and newly discovered evidence at issue would not have changed the outcome of the denial of Lewis' § 2254 petition. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir. 1987); *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000).

**AFFIRMED.**