**Tony TRUJILLO, Petitioner–Appellant,**

v.

**T.E. VAUGHN; et al., Respondents–Appellees.**

No. 06–17104.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Tony Trujillo, Blythe, CA, pro se.

Robert C. Cross, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

California state prisoner Tony Trujillo appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, and the district court's denial of an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We reject as foreclosed the government's contention that we lack jurisdiction to entertain this appeal because Trujillo did not obtain a certificate of appealability. *See Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir.2005) (per curiam).

Trujillo contends that his prison disciplinary proceedings, which resulted in a loss of good time credits, violated due process because the investigative employee assigned to Trujillo failed to assist him. We conclude that the state courts' denial of relief was not contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (extending a due process right to assistance during disciplinary proceedings only where an inmate is "illiterate" or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate

comprehension of the case"). Contrary to Trujillo's contention, the assignment of an investigative employee under Cal.Code Regs. tit. 15 § 3315(d)(1) does not equate to a determination that he had a federal due process right to such assistance pursuant to *Wolff*.

Trujillo further contends that the district court abused its discretion by denying his request for an evidentiary hearing. However, because Trujillo failed to set forth a colorable claim for relief, the district court did not abuse its discretion. *See Earp v. Ornoski*, 431 F.3d 1158, 1166–67 (9th Cir.2005).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

