Alan ABRAHAM, Petitioner—Appellant,

v.

John MARSHALL; et al., Respondents—Appellees.

No. 07–55985.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Abraham, San Luis Obispo, CA, pro se.

Amanda Lloyd, Esq., Office of the Deputy Attorney General, San Diego, CA, for Respondents–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Alan Abraham appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

█ We reject as foreclosed the State's contention that there is no federally protected liberty interest in parole release in California. *See id.* at 1127–28. We also reject the State's contention that a Certificate of Appealability is required for this appeal. *See Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Abraham contends that the California Board of Prison Terms' ("the Board") 2003 decision finding him unsuitable for parole violated his due process rights. We conclude that "some evidence" supports the Board's decision to deny parole. *See Sass,* 461 F.3d at 1129. Accordingly, Abraham has failed to demonstrate that the state court's decision denying this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *see also Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Abraham's contention that the Board violated his due process rights by applying Cal.Code Regs., tit. 15 § 2402(c)(1) in evaluating his suitability for parole is waived. *See Belgarde v. State of Montana,* 123 F.3d 1210, 1216 (9th Cir.1997).

Finally, we reject Abraham's contention that the Board's reliance on § 2402(c)(1) violated his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Cassett v. Stewart,* 406 F.3d 614, 623–24 (9th Cir.2005) (holding that a federal court may deny an unexhausted petition on the merits when it is "perfectly clear that the applicant does not raise even a colorable federal claim").

**AFFIRMED.**