**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISIAH DANIELS, | No. 07-16257 |
| Petitioner - Appellant, | D.C. No. CV-04-05123-MHP |
| v. | |
| D.K. SISTO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner Isiah Daniels appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

As a threshold matter, we deny Appellee's motion to dismiss the appeal for lack of jurisdiction. Daniels does not require a certificate of appealability under 28 U.S.C. § 2253 to challenge the Board of Parole Hearings' administrative decisions regarding his parole. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam).

Daniels contends that his due process rights were violated when he was not granted parole within nine years of his sentencing. The California courts' denial of this claim was not contrary to or an unreasonable application of federal law as established by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). As the district court correctly concluded, the judge's statements at sentencing regarding parole were not part of the plea agreement. *Cf. Brown v. Poole*, 337 F.3d 1155, 1159-61 (9th Cir. 2003) (holding prosecutor's oral promise to defendant at plea colloquy *prior* to court's acceptance of plea was part of plea agreement).

We construe Daniels' argument regarding the validity of his guilty plea as a motion to reconsider our prior denial of a certificate of appealability as to this issue. So construed, the motion is denied. *See* 9th Cir. R. 22-1(d)-(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**