NOT FOR PUBLICATION                    FEB 08 2011

| | |
|---|---|
| STEVEN ERNEST KUTYLO, | No. 07-55829 |
| Petitioner - Appellant, | D.C. No. CV-06-00099-VBF |
| v. | |
| T. E. VAUGHAN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted August 5, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, REINHARDT and WARDLAW, Circuit Judges.

Steven Kutylo appeals the denial of his petition for a writ of habeas corpus.

We have jurisdiction under 28 U.S.C. § 2553.

While Kutylo has not obtained a certificate of appealability as required

under 28 U.S.C. § 2253(c), he was correctly advised before he filed his petition

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that under *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005), he did not need a COA. While we overruled this aspect of *Rosas* in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), "[w]e may issue such a certificate sua sponte," *id*. at 554. We therefore certify for appeal the issue of whether Kutylo was denied parole in violation of his federal right to due process.

In light of *Swarthout v. Cooke*, 562 U.S. ----, ----, 2011 WL 197627, at *2 (2011), we conclude that Kutylo's federal right of due process was not violated, because he was allowed an opportunity to be heard and was provided with a statement of the reasons why parole was denied. Accordingly, we affirm the district court's denial of his habeas petition.

**AFFIRMED.**

2

*Kutylo v. Vaughn*, No. 07-55829

REINHARDT, Circuit Judge, concurring:

Because the Supreme Court has held that whether there is "some evidence" to support a denial of parole, a right that California law affords inmates,[1] is "no part of the Ninth Circuit's business," *Swarthout v. Cooke*, No. 10-333, Slip Op. at 6 (Jan. 24, 2011), and for that reason only, I reluctantly concur.

---

[1]S *ee, e.g.*, *In re Lawrence*, 44 Cal. 4th 1181, 1191 (Cal. 2008).